AO 91 (Rev. 11/11) Criminal Complaint

AUSA: Jeanine Brunson   Telephone: (313) 226-9100
Task Force Officer: Edward Viverette II   Telephone: (313) 202-3400

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
CATRAZ HENRY

Case No. Case: 2:20−mj−30478
Assigned To : Unassigned
Assign. Date : 11/10/2020
USA V. HENRY (CMP)(CMC)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 16, 2020 - October 20, 2020, in the county of Wayne, in the Eastern District of Michigan, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 922(g)(3) | Unlawful user of controlled substances in possession of firearms and ammunition |

This criminal complaint is based on these facts:
see attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Edward Viverette II, Task Force Officer (ATF)
_Printed name and title_

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: November 10, 2020

_Judge's signature_

City and state: Detroit, Michigan   Hon. Kimberly Altman, United States Magistrate Judge
_Printed name and title_

## AFFIDAVIT

I, Edward Viverette II, being first duly sworn, hereby depose and state as follows:

### I.       INTRODUCTION

1. I am a Police Officer who began serving with the Wayne State University Police Department in August of 2014. In February of 2020, I became a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I am a graduate of the Oakland Police Academy. I have a Bachelor of Science degree in Criminal Justice from Oakland University.

2. At the Wayne State University Police Department, I worked uniform patrol for approximately two years enforcing traffic, local, and state laws. I also worked in the special operations division as a plain-clothes officer for approximately four years. In special operations, I conducted numerous investigations into state, local, and federal firearms and narcotics violations. During my assignment with the ATF, I have participated in several criminal investigations focused on firearms and armed drug trafficking violations.

3. I have become familiar with firearms violations through my investigative experience, training, and conversations with other agents and law enforcement personnel.

4. The statements contained in this affidavit are based, in part, on my review of written reports by Detroit Police Officers. This affidavit also includes information provided by and/or through other law enforcement agents, investigators and individuals with knowledge of this matter, my investigation, and the review of documents.

5. This affidavit sets forth probable cause that Catraz HENRY, (date of birth XX/XX/1982), has violated 18 U.S.C. § 922(g)(3), possession of a firearm and ammunition as an unlawful user of any controlled substance. This affidavit does not include all the information known to law enforcement related to this investigation.

6. The Committee Commentary for Sixth Circuit Pattern Jury Instruction 12.01 defines the term "unlawful user of a controlled substance" as "the regular and repeated use of a controlled substance in a manner other than as prescribed by a licensed physician. [T]he government need not show that defendant used a controlled substance at the precise time he possessed a firearm. It must, however, establish that he was engaged in a pattern of regular and repeated use of a controlled substance during a period that reasonably covers the time a firearm [or ammunition] was possessed."

## II.      SUMMARY OF THE INVESTIGATION

7.      On October 16, 2020, at approximately 12:30 a.m., Detroit Police Department (DPD) officers were dispatched to 14XXX Grand River, Detroit. The officers spoke to Adult Victim 1 and Adult Victim 2. Both indicated they had been the victims of an armed robbery. Catraz HENRY was identified as the offender.

8.      The victims reported that they were sitting in the back of a car in Detroit. HENRY, who was familiar to both of them, entered the car and pointed a black handgun at them. HENRY demanded money and stole several items from both victims. One of the items included car keys to Adult Victim 1's 2006 Jeep Grand Cherokee. HENRY next ordered Adult Victim 2, a male, to take off his clothes. Adult Victim 2 refused. HENRY fired one shot one time in the direction of Adult Victim 2's feet. The bullet did not hit Adult Victim 2. Thereafter, he fled the scene.

9.      The victims went to where Adult Victim 1 parked her Jeep. The vehicle was no longer at that location.

10.     Later that day, at approximately 6:30 p.m., DPD responded to a "shots fired" call at 15XXX Ward Street in Detroit. DPD officers found four .233 fired cartridge cases and one live round of 7.62 ammunition on the scene. The officers spoke with HENRY. He explained he had fired several shots into the air. He told

DPD he was protecting his family when unknown individuals came to his residence with weapons and threatened him.

11. Four days later, on October 20, 2020, DPD executed a search warrant at HENRY's house on Ward Street in furtherance of the aforementioned armed robbery investigation. Four firearms, including a RUGER model Sr40 .40SW caliber pistol and a CZ model 75 9mm pistol, and numerous rounds of ammunition were seized. DPD Detectives advised HENRY of his *Miranda* rights and he agreed to answer questions. HENRY admitted he got into an argument with Adult Victim 2 about money. As a result, he stole Adult Victim 1's vehicle which he later burned.

12. On November 6, 2020, HENRY was arrested. On November 7, 2020, Special Agent Kenton Weston and I conducted a recorded post *Miranda* interview with HENRY at the Detroit Detention Center. During the interview, HENRY made the following admissions:

    a. He possesses a "CZ 9mm" firearm, "a 40 SR Ruger" firearm, and "bullets;"
    b. He purchased both firearms less than four months earlier;
    c. He was recently arrested a month after he got the CZ after he "shot himself in the foot;"
    d. He was high on cocaine when we was arrested on November 6;

  e. He uses cocaine once a month, and smokes marijuana 3 or 4 times a day which equals to approximately seven grams a day; and

  f. HENRY noted "that's a lot of weed" and admitted he smoked marijuana for many years.

13. Special Agent Weston contacted ATF Interstate Nexus Expert Special Agent Josh McClain and provided a verbal description of the RUGER model Sr40 .40SW caliber pistol and a CZ model 75 9mm pistol recovered by DPD. Based upon the verbal description provided by SA Weston, SA McClain advised that the firearms meet the definition of a firearm as defined under 18 U.S.C. § 921 and were manufactured outside of the state of Michigan after 1898, and therefore have traveled in and affected interstate commerce.

14. SA McClain was also provided a verbal description of the fired .223 cartridge cases recovered by DPD at HENRY's house from the "shots fired" dispatch. Based upon the verbal description, Special Agent McClain advised that the recovered fired .223 cartridge cases had a "Remington" stamp imprinted on the shell casings. Remington is a company that manufactures ammunition outside the state of Michigan. Therefore, the ammunition traveled in and affected interstate commerce to arrive into Michigan.

### III. CONCLUSION

15.  Probable cause exists that Catraz HENRY violated 18 U.S.C. § 922(g)(3) as an unlawful user of a controlled substance in possession of firearms and ammunition.

Respectfully submitted,

_____
Edward Viverette II, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms
and Explosives

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
HON. KIMBERLY ALTMAN
UNITED STATES MAGISTRATE JUDGE

Date:   November 10, 2020